**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TROY M. WILLIAMS,

                Movant,

v.                                CIVIL ACTION NO.  2:10-cv-01326
                                (Criminal No. 2:02-cr-00110)

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

Movant Troy M. Williams, acting *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF 214].  Mr. Williams also filed a document titled "Part Two- of the motions to be submitted before the Honorable Judge R. Clarke VanDervort" [ECF 215], which the Court construes as a supplement to his § 2255 motion.  By Standing Order entered September 2, 2010, and filed in this case on November 22, 2010, this case was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R") and was subsequently transferred to United States Magistrate Judge R. Clarke VanDervort.   On June 19, 2013, Magistrate Judge VanDervort issued a PF&R recommending that the Court deny Mr. Williams's motions (ECF 233).

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of de novo review and Mr. Williams's right to appeal this Court's Order.  *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).   Here, objections to Magistrate Judge VanDervort's PF&R were due on July 8, 2013.   Mr. Williams filed timely objections on June 27, 2013.

In his PF&R, Magistrate Judge VanDervort found that Mr. Williams's § 2255 was a successive proceeding, and that Mr. Williams had not obtained the required authorization from the Court of Appeals for the Fourth Circuit.  Based on this finding, Magistrate Judge VanDervort recommended that the Court deny Mr. Williams's § 2255 motion.

Mr. Williams's primary objection to the PF&R is rooted in the United States Supreme Court's decision last year in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2160 (2013).  In that case, the Supreme Court held that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.  *Id.* at 2153.  The Court, citing *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), noted that the fact of a prior conviction is one narrow exception to this general rule.  133 S. Ct. at 2160 n.1.  Mr. Williams essentially argues that his Sixth Amendment right to a jury trial was violated because a judge, rather than a jury, determined his career offender status.

The Court rejects Mr. Williams's contention.  The Supreme Court did not declare in *Alleyne*, or in any decision since, that the new rule in *Alleyne* applied retroactively on collateral attack.  In fact, the Supreme Court announced the *Alleyne* rule on a direct appeal without

expressly holding it to be retroactive to cases on collateral review. *See generally Alleyne*, 133 S. Ct. 2151.  The Second, Seventh, and Tenth Circuits have held that that *Alleyne* did not announce a new rule of law made retroactive on collateral review.  *See United States v. Redd,* 735 F.3d 88 (2d. Cir. 2013); *In re Payne*, No. 13–5103, 733 F.3d 1027, 2013 WL 5200425 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).  The Fourth Circuit, albeit in an unpublished opinion, is in accord with these circuits.  *See United States v. Stewart*, No. 13–6775, 2013 WL 5397401, at n.* (4th Cir. Sept. 27, 2013) ("*Alleyne* has not been made retroactively applicable to cases on collateral review").  Accordingly, because *Alleyne* has not been held to apply retroactively on collateral review, Mr. Williams cannot obtain relief under *Alleyne*.

Accordingly, the Court **ADOPTS** the PF&R (ECF 233), **DENIES** Mr. Williams's motions [ECF 214, 215], **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–83 (4th Cir. 2001).  The Court concludes that the governing standard is not satisfied in this instance.  Pursuant to Rule 11(a), Mr. Williams may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from

the court of appeals under Federal Rule of Appellate Procedure 22.   Accordingly, the Court

**DENIES** a certificate of appealability.

       **IT IS SO ORDERED.**

       The Court **DIRECTS** the Clerk to provide a copy of this Order to all counsel of record,

the petitioner, *pro se*, and Magistrate Judge VanDervort.

                    ENTER:      January 23, 2014

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE